UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

HEATHER GRUENBAUM,

      Plaintiff,

      v.

WERNER ENTERPRISES, INC., et al.,

      Defendants.

Case No.  09-cv-1041
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Strike Plaintiff's Reference to Four Unrelated Prior Roll-Over Accidents ("Motion to Strike Other Accident Evidence") (ECF No. 69), Plaintiff Heather Gruenbaum's Memorandum in Opposition to Defendants' Motion to Strike Other Accident Evidence (ECF No. 123), the Reply in Support of Defendants' Motion to Strike Other Accident Evidence (ECF No. 131), Defendants' Motion to Strike Plaintiff's Reference to Inherently Unreliable Weather Forecasts ("Motion to Strike Weather Forecast Evidence"), Plaintiff Heather Gruenbaum's Memorandum in Opposition to Defendants' Motion to Strike Weather Forecast Evidence (ECF No. 124), and the Reply in Support of Defendants' Motion to Strike Weather Forecast Evidence (ECF No. 133).  For the reasons that follow, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Strike Other Accident Evidence and **DENIES** Defendants' Motion to Strike Weather Forecast Evidence.

**I.  Background**

On February 11, 2009, Plaintiff's husband was driving a 2008 Chevrolet Silverado truck northbound on U.S. Route 42 in Canaan, Madison County, Ohio.  On that same date, Defendant Jeremy Harpst was operating a commercial semi tractor-trailer traveling southbound that same

1

roadway. Plaintiff alleges that Defendant Harpst, while in the course and scope of his employment with Defendant Werner Enterprises, Inc. ("Werner"), negligently operated his truck "in adverse, dangerous and severe weather conditions," which caused his tractor-trailer to be blown over onto Plaintiff's husband's vehicle. Plaintiff's husband ("Plaintiff's decedent") died as a result of the collision.

On November 17, 2009, Plaintiff filed this wrongful death action, alleging that Defendants' negligence caused Plaintiff's decedent's death. Plaintiff further alleges, *inter alia*, that Defendant Werner negligently permitted Defendant Harpst to operate his semi truck in adverse weather conditions.

## II. Standard

The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. *See* Fed. R. Civ. P. 12(f) (limited to striking pleadings or portions of pleadings). Instead, trial courts make use of their inherent power to control their dockets, *Anthony v. BTR Auto. Sealing Sys.*, 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents. *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (trial court's possess inherent power to "manage their own affairs so as to achieve an orderly and expeditious disposition of cases").

## III. Discussion

**A. Motion to Strike Other Accident Evidence**

Defendants ask this Court to strike any evidence of four prior accidents Plaintiff refers to in her motion for partial summary judgment (ECF No. 43) and her opposition to Defendants' motion for summary judgment (ECF. No. 72). Defendants move for exclusion under Rules 401,

402 and/or 403 of the Federal Rules of Evidence.

**1. Rules 401 and 402 - Relevance**

Rule 401 of the Federal Rules of Evidence provides: " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402 provides that "[a]ll relevant evidence is admissible." Fed. R. Evid. 402.

With regard to whether prior accidents are relevant, the Sixth Circuit explains that "[o]nly prior incidents that are 'substantially similar' to the one at issue will be admissible in evidence." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 298 (6th Cir. 2007) (citing *Rye v. Black & Decker Mfg. Co.*, 889 F.2d 100, 102 (6th Cir. 1989) and *Koloda v. Gen. Motors Parts Div., Gen. Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983)). "Incidents which 'occurred under similar circumstances or share the same cause' can properly be deemed substantially similar." *Id.* (citing *Rye*, 889 F.2d at 102). A showing of substantial similarity ensures that the evidence meets the relevancy requirements of the Federal Rules of Evidence. *See Rye*, 889 F.2d at 103. The Sixth Circuit has explained that "if a 'prior occurrence is offered to prove notice, . . . a lesser degree of similarity is required provided the accident would have tended to warn the defendant.' " *Surles*, 474 F.3d at 298 (alteration in original) (citation omitted). The proffering party bears the burden of proof to establish substantial similarity. *Rye*, 889 F.2d at 102.

Defendants argue that this Court should not consider the four prior accidents because Magistrate Judge King has already determined that three of the accidents are not relevant and,

3

with regard to the fourth accident, even if it is relevant it should be excluded under Rule 403 of the Federal Rules of Evidence. Defendants refer to a decision issued on October 7, 2010 by Magistrate Judge King in which she granted in part and denied in part a motion to compel filed by Plaintiff. In that Opinion and Order, the Magistrate Judge reviewed each of the four prior accidents at issue here and found only one of them to be relevant. As to that accident, Magistrate Judge King granted the motion to compel discovery. Plaintiff argues that the Magistrate Judge's finding related to these other accidents is not binding here because "whether additional discovery of internal Werner information about those three accidents was appropriate has no bearing on whether Plaintiff can point to the fact of those other accidents to show Werner's notice of wind-related accidents in the days preceding this collision." (ECF No. 123 at 1, 2, 4) (emphasis in original). This Court disagrees.

Plaintiff offers as evidence the fact of these four prior accidents for the purpose of showing that "Werner was on notice in the days and hours leading up to the collision that killed [Plaintiff's] husband that abnormally high winds were causing accidents within the Werner fleet" and that Werner failed to properly oversee its drivers regarding the potential dangers of the high winds. While it may be true that Magistrate Judge King determined whether discovery on the accidents was warranted and this Court is considering whether the "fact of" the accidents is proper evidence, the standard is the same. The Magistrate Judge specifically set forth the standard to determine whether prior similar accidents are relevant to show notice or knowledge:

> "It is well established that evidence of prior similar incidents is relevant for the purpose of showing knowledge so long as the conditions in effect during the past are sufficiently similar to those at the time of the incident in question." *Koloda v. Gen'l Motors Parts Div., General Motors Corp.*, 716 F.2d 373, 376 (6th Cir. 1983). "Similarly, this court [the United States Court of Appeals for the Sixth Circuit] has held that evidence of prior similar incidents is relevant to show notice of a possibly

4

dangerous condition so long as the circumstances involved are similar." *Id.* (ECF No. 66 at 14.)

The Magistrate Judge analyzed each of the four prior accidents to determine their relevancy under the standard set forth above–the same standard this Court must now employ. *Id.* at 3. She determined that the Indiana accident was relevant to the issue of notice and that the other three accidents were not relevant to the issue of notice because they were not sufficiently similar. This Court agrees, and therefore, adopts Magistrate Judge King's analysis and conclusion with regard to all four of the prior accidents. That is, the will consider only the Indiana accident in its analysis of the parties' cross motions for summary judgment.

**2. Rule 403 - Probativeness versus Prejudice**

Pursuant to Rule 403 of the Federal Rules of Evidence, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . . or needless presentation of cumulative evidence." Fed. R. Evid. 403. Defendants argue that the evidence of the Indiana accident, even if relevant, should not be admitted because it would "unfairly appeal to the emotions and prejudices of the fact finder," it is cumulative because Defendant Harpst conceded that he had been trained that empty trucks could tip in high winds, and because it could "create confusion as to the differences between roll-over and blow-over incidents." (ECF No. 69 at 8.) Defendants' arguments are not well taken.

In order to exclude evidence as prejudicial under Rule 403, "the evidence must be more than damaging; it must be unfairly prejudicial." *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991) (citing *Hines v. Joy Mfg. Co.*, 850 F.2d 1146, 1154 (6th Cir. 1988) and *United States*

5

*v. Mendez-Ortiz*, 810 F.2d 76, 79 (6th Cir. 1986)). " 'Unfair prejudice' within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Vandetti*, 623 F.2d 1144, 1149 (6th Cir. 1980) (citing Advisory Comm. Note to R. 403.). The Court finds that the evidence of the Indiana accident invokes no undue tendency to suggest a decision on an improper basis.

Further, because the Indiana accident is being offered "as evidence of notice about how strong winds were affecting the Werner fleet on February 11, 2009," not to show that Defendant Werner knew that strong winds could blow over trucks and therefore trained its drivers in that regard, there is no cumulative effect of this evidence. (ECF No. 123 at 8.) Finally, the Court is quite capable of differentiating between types of accidents and finds there is no risk of confusion by admission of this evidence.

The Court concludes that the probative value of the Indiana accident is not substantially outweighed by the danger of unfair prejudice or confusion of the issues; nor does it entail the needless presentation of cumulative evidence. Consequently, the Court will not exclude evidence of the Indiana accident from its consideration of the parties' cross motions for summary judgment.

**B. Motion to Strike Weather Forecast Evidence**

Defendants request that this Court strike from Plaintiff's summary judgment briefing any evidence related to weather forecasts because that type of evidence is irrelevant and is inherently unreliable. Defendants' arguments are not well taken.

As Plaintiffs correctly note, weather forecasts are routinely relied upon by courts in determining if a certain weather event was avoidable and, therefore, subjects the person failing to

avoid it to liability.  *See e.g. Crescent Towing & Salvage Co. v. M/V Chios Beauty*, No. 05-4207, 2008 U.S. Dist. LEXIS 62247, at *35-36 (E.D. La. Aug. 14, 2008) (the defendants "were negligent in failing to prudently monitor and interpret the available weather information concerning Hurricane Katrina and for sailing the vessel into the Port of New Orleans and directly into the path of Hurricane Katrina"); *United States v. M/V Santa Clara I*, 887 F. Supp. 825, 843 (D. S.C. 1995) (even a poorly forecasted storm does not constitute an Act of God if it was in fact predicted and avoidable); *Moran Transp. Corp. v. New York Trap Rock Corp.*, 194 F. Supp. 599 (S.D. N.Y. 1961) (concluding that at least 24 hours advanced warning of hurricane was sufficient to allow the defendants to take adequate precautions such that the Act of God defense would not apply); *Arrow Aviation, Inc. v. Moore*, 266 F.2d 488, 492 (8th Cir. 1959) (defendant was negligent in flying into a predicted storm).

Notwithstanding this law, Defendants argue that weather forecasts are inherently unreliable and should be excluded based upon "case law directly on point."  (ECF No. 133 at 7.) Defendants rely upon *Grant v. Wakeda Campground, LLC*, 631 F. Supp. 2d 120, 128 (D. N.H. 2009), which indicated that there "is no duty to monitor weather because '[f]orecasts . . . do not, by themselves, constitute actual or constructive notice of dangerous conditions . . . .' " and *Croce v. Hall*, 657 A.2d 307, 312 (D.C. 1995), which found that a landlord does not have a duty to constantly monitor the weather.  These cases, however, do not stand for the proposition that weather forecast evidence is inadmissible because of its inherent unreliability but instead goes to the use for which the weather reports were offered.  That is, in *Grant* and *Croce*, the issue was weather the defendant had a legal duty to monitor in a particular way the weather.  Here, the weather forecasts are being offered to show notice.  The Court has no difficulty determining the

proper use of this type of evidence.

The weather forecast evidence presented by Plaintiffs has some tendency to make the existence of certain facts that are of consequence to the determination of the action more probable or less probable than it would be without the evidence.  Consequently, the Court finds that the weather forecast evidence is relevant and admissible.

### IV.  Conclusion

Based on the foregoing, the Court **GRANTS in part and DENIES in part** Defendants' Motion to Strike Other Accident Evidence (ECF No. 69) and **DENIES** Defendants' Motion to Strike Weather Forecast Evidence (ECF No. 71).

**IT IS SO ORDERED.**

> **/s/ Gregory L. Frost**
> **GREGORY L. FROST**
> **UNITED STATES DISTRICT JUDGE**